IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF :

JOSE JULIO PIETRI BIAGGI, : CASE NO. 05-0428(SEK)

    DEBTOR : CHAPTER 7

--------------------------------
JORGE LUIS GERENA MENDEZ, as :
Trustee for the estate of Julio
Pietri Biaggi, :

    PLAINTIFF : ADV. NO. 05-00230

      v. :

MURIEL MATTEI MARTINEZ, :

    DEFENDANT :
--------------------------------



**FILED & ENTERED**

**2 0 MAR 2006**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Before the Court is the Trustee's motion for entry of summary judgment based on facts deemed admitted as per order docketed on February 21, 2006. We deny the motion for reasons stated below.

### BACKGROUND AND UNDISPUTED FACTS

Defendant is the former spouse of the Debtor. While married, they purchased the parcels of land described in the sixth paragraph of the complaint. On January 20, 2005, Debtor filed for bankruptcy protection, and his undivided interest in the mentioned realty became an estate assets. Four months later, the case was converted to Chapter 7 and Plaintiff was appointed

as Trustee.

The Trustee filed this complaint indicating he intended to sell both the estate's interest in the realty and the interest of the co-owner, former spouse, at private sales pursuant to options attached to the complaint.  He also claimed that the sales price for both realties "constitute the fair market value of the real property and is the best offer received by the Trustee".  Furthermore, he "proposes to sale [sic] the aforementioned properties within the terms provided in" the attached option contracts.  The Trustee then prays for the following remedies:

> (a) Grant the private sale of properties object of the complaint as described in Exhibits A and B [the option contracts].
> (b) Order Debtor to appear at closing for the execution of sales deeds.
> (c) To issue an immediate order of eviction of defendant from the property described at paragraph 6(a) located in Urb. Los Pinos, No. 429 Dalia Street, Yauco, Puerto Rico.
> (c)[sic] Impose sanctions and attorneys fees upon the defendant in the amount of $2,500.00 for costs and prejudice caused upon the bankruptcy estate for her temerary conduct being said amount deducted from the proceeds of the sales that should be paid to her.
> (d) Order that the defendant paid [sic] all the loss of equity due to the increase in the mortgage payoff balances that has resulted from her temerary and unreasonable denial to sign the deeds of sale."

Defendant answered the complaint, admitting she is co-owner of the realty, and asserts the following pertinent affirmative defenses.  First, she questioned the Trustee's statement indicating that there is a proposed sale as the Trustee has not filed any notice of sale.  Next, she questions whether the



options' price reflect the fair market value of the real estate based on her knowledge of ongoing sales of similar realty in the same neighborhoods. She then questions whether Debtor's aunt is a good faith purchaser, or acts as a figurehead for the Debtor.

During the January 19, 2006 hearing, Defendant informed the court she had and her minor children were no longer living in the optioned realty located in Los Pinos Urb. We ordered her to immediately deliver the keys and beeper to the Trustee. She also claimed Debtor owed child support which should be paid from the proceeds, stating the posed sales was below market value. She was unable to provide an appraisal due to her dire economic situation.

The Trustee recognized the priority status for child support alleged by the Defendant, indicating she has not filed a proof of claim evidencing the existence of such a debt.

Thereafter, the Trustee filed a motion for summary judgment requesting entry of judgment granting the relief requested in the complaint and ordering "the Marshall of the Court be in charge of signing the sales deed of both properties instead of defendant, Muriel Mattei Martínez."



On February 21, 2006, we granted Defendant 10 days to oppose the motion. If she did not comply, then facts alleged in the motion were to be deemed admitted, and we could go on to grant the motion without a hearing. Defendant has not opposed the

motion.

Pursuant to the mentioned order the following facts are deemed admitted:

(1) On September 30, 2005 the appearing Trustee filed a Complaint, in his official capacity, against Defendant Muriel Mattei Martínez, requesting judgment granting the sale of the following two real estate assets of the bankruptcy estate under the administration of the trustee:

(a) Parcel of land located in the Montalva Ward of the Municipality of Guánica with a superficial area of 500 square meters. It is identified as lot number six of Block A. I bounders to the North, with lot number seven block A of said development; superficial area of 500.00 square meters. It is identified as lot number six (6) of block "A" as per the inscription plan. It bounders to the North , with lot number 7, block "A" of said development; South, with lot number five (5), block "A" of said Development, to the East, with street number two (2) of said Development; to the West, with lots number 1 and 2, block "A" of said Development.

(b) Residential Property Located at Urb. Los Pinos, H-17, Dalia St. Yauco, Puerto Rico. Estate number 14,339 of Yauco, recorded at page 211 of book 407, Ponce Property Registry.

(2) Debtor, Mr. Jose Julio Pietri Biaggi filed a Chapter 7 case on January 20th, 2005, at which time was married to defendant, Muriel Mattei. After the filing of the bankruptcy petition the defendant and debtor were divorced by sentence issued by the Ponce Superior Court.

(3) The two aforementioned real properties were acquired by debtor and defendant during their marriage and the debts reported by debtor and defendant were debts incurred by the couple and the conjugal partnership or "Sociedad de Bienes Gananciales" composed by them.

(4) The titles over both properties are duly recorded in the Puerto Rico Property Registry. Attached to this motion is as Exhibit I Title search prepared by L.J.N. Title Search Company, Inc. and as Exhibit II Title search prepared by Marysol Montes, of Servicios Paralegales. Both documents present the recording data of the real properties.



4

## DISCUSSION

Fed. R. Bankr. P. 7056 applies F. R. Civ. P. 56 in adversary proceedings like the one at hand. The relevant part of Rule 56(c) states:

> The judgment sought shall be rendered forthwith if the pleadings ... and admissions on file ... show that there is no genuine issue as to the material fact **and that the moving party is entitled to a judgment as a matter of law.** (our emphasis)

Developments in this proceeding show there is no need to order the Defendant to vacate the realty located in Urb. Los Pinos, so that this request for relief is moot.

Next, the undisputed facts show the Trustee is the administrates Debtor's interest in the realty to be sold, and he may sell Defendant's interest in these assets if the sale meets the requirements of 11 U.S.C. § 363 (f) and he follows the procedure indicated in Fed. R. Bankr. P. 6004. The record shows the Trustee has not followed the procedure required by Fed. R. Bankr. 6004(c). Therefore, we deny first request for relief.

As to remedies concerning the execution of deeds at closing, we note that once the Trustee is authorized to sell a co-owner's interest in property, there is no longer any need to order the co-owner to execute the deed of sale. The party with standing to execute such a deed is the Trustee. Hence, remedies concerning this matter are denied.



As to sanctions by way of attorney fees and costs due to

5

Defendant's temerity, the record shows the Defendant raised valid defenses such as, non compliance with Fed. R. Bankr. 6004, the price did not reflect the market value of the real properties to be sold, and one of the purchasers was not acting in good faith and at arms length. These defenses have not been rebutted by the Trustee in his motion for entry of summary judgment. Hence, this relief is also denied.

Lastly, the Trustee seeks damages for loss to the estate caused by the Defendant when she refused to sign the private deeds of sale. We find that the undisputed facts do not substantiate this remedy, and Defendant was entitled under the law oppose the request by the Trustee and have a court resolve this legitimate controversy. Thus, this remedy is also denied.

The only remedy we are able to grant here, is a declaratory judgment authorizing the Trustee to sell the real properties free of Defendant's interest provided he follows Fed. R. Bankr. P. 6004(c), and we shall enter judgment accordingly.

**SO ORDERED**, in San Juan, Puerto Rico, on March 20, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge